IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-179-BR

| | |
|---|---|
| SHELIA Y. CRUTHIRDS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COLONEL JEFFREY M. SANBORN, et al., ) | |
|     Defendants. ) | |

This matter is before the court on review of the pleadings and the parties' cross-motions.

By way of background, plaintiff has been employed at Cook Child Development Center, Child, Youth and School Services ("CYSS"), Fort Bragg, North Carolina. (Compl., DE # 1, at 1.) On 31 January 2013, defendant Jeffrey M. Sanborn ("Colonel Sanborn"), U.S. Army Garrison Commander at Fort Bragg, notified plaintiff that she was barred from reentering Fort Bragg and Camp Mackall, North Carolina for threatening and harassing members of CYSS. (Id. at 1-2.) On 15 February 2013, CYSS issued to plaintiff a Notice of Proposed Separation for Disqualification from her employment, based on the fact that she had been permanently banned from entering Fort Bragg and Camp Mackall. (Id. at 2.)

Plaintiff, proceeding *pro se*, filed the present action in this court on 12 March 2013.[1] She claims that she has been falsely accused of harassing and threatening staff at CYSS without evidence and that her rights of movement and due process have been violated. (Id. at 2.) She further contends that Colonel Sanborn abused his authority over her, a civilian employee at a

---

[1] Plaintiff has also filed a separate action regarding her employment with CYSS, which has been terminated. See Cruthirds v. Miller, No. 5:13-CV-849-BO (E.D.N.C.).

military installation. (Id.)

In letters to the court, plaintiff has requested the court's assistance in serving her summons and complaint, (DE # 18), and the appointment of counsel, (DE # 20). The government has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). (DE # 24.) Plaintiff has since filed a motion for summary judgment, (DE # 30), a "memorandum in finding summary judgment," (DE # 29), and a "Complaint," (DE # 32). Most recently, the government has filed a motion to stay its responses to plaintiff's motion for summary judgment and complaint. (DE # 33.) The court addresses each of these filings.

Although she is not proceeding *in forma pauperis*, plaintiff requests that the court assist her with serving the summons and complaint on the Attorney General in Washington, DC. (DE # 18.) Subsequent to this request, plaintiff filed with the court a return receipt evidencing service on the Attorney General. (DE # 20.) It therefore appears that plaintiff no longer needs assistance with service, particularly given that the government does not assert insufficiency of service of process as a defense in its motion to dismiss. Plaintiff's request is moot.

In her filing evidencing service on the Attorney General, plaintiff requests that the court appoint counsel to assist her. (Id.) "Counsel should be appointed in civil cases only under 'exceptional circumstances,'" the existence of which "turns on the complexity of a party's claims and his ability to present them." Goodman v. Johnson, 524 F. App'x 887, 891 (4th Cir. 2013) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). While no "comprehensive definition of exceptional circumstances is practical," Whisenant, 739 F.2d at 163 (citation omitted), the Fourth Circuit has considered factors such as a plaintiff's incarceration (and resulting inability to interview witnesses) and education level, see id. at 162-63. "Because

2

[plaintiff's] allegations do not present unduly complex factual or legal issues, and [plaintiff] has not evidenced an inability to adequately pursue [her] claims," the court will not appointment counsel to represent her.  Goodman, 524 F. App'x at 891.

The court next addresses plaintiff's most recently filed document.  (DE # 32.)  In this document entitled "Complaint," plaintiff makes allegations identical to some of those contained in her complaint initiating this action.  More importantly, however, she appears to attempt to assert a 42 U.S.C. § 1983/*Bivens* claim and specifically requests that the court order relief in the form of an injunction requiring defendants to allow her access to Fort Bragg so as to exercise commissary and medical privileges.  (Id. at 1-2.)  The court deems this document to be an amended complaint, which supercedes the original complaint.[2]  As such, the court will deny the government's motion to dismiss without prejudice.  Plaintiff's motion for summary judgment, which she filed before the amended complaint, will be denied as moot as will be the government's motion to stay.

In sum, to the extent they could be deemed motions, plaintiff's request for assistance with service is DENIED as moot and request for appointment of counsel is DENIED.  The government's motion to dismiss is DENIED WITHOUT PREJUDICE.  The government is DIRECTED to file a response to the amended complaint within 30 days.  Plaintiff's motion for

---

[2] The court recognizes that the time periods for filing an amended complaint as a matter of course under Fed. R. Civ. P. 15(a) have expired.  However, given the current posture of the case, deeming plaintiff's complaint amended results in no prejudice to the government.

3

Case 5:13-cv-00179-BR   Document 35   Filed 03/17/14   Page 3 of 4

summary judgment and the government's motion to stay are DENIED as moot.

This 17 March 2014.

_____
W. Earl Britt
Senior U.S. District Judge